JUSTICE NELSON
concurs.
¶44 I concur in the Court’s decision. Besides the rationale set forth in the Court’s Opinion, I am also persuaded that the propriety of the tests ordered by Dr. Doe for his family was not a matter which was properly within the purview of the Assistance Committee.
¶45 In this regard, MEC and its amici argue at length about the importance and the sanctity of the “peer review” process. I do not disagree that this process serves important quality assurance, patient care and educational purposes. However, under Community Medical Center, Inc. Medical Staff Policy MSP-030, the peer review process is conducted by certain designated medical staff departments and committees, not by the Assistance Committee. Indeed, MSP-050 specifically requires that “[a]ll matters regarding quality of care will be referred to the appropriate Department.” This process was not followed here.
¶46 If, as MEC and its amici contend, the “peer review” process is sacrosanct, then MEC should simply have used that process, rather than the one it did. Despite the arguments on brief of MEC and its amici, our decision here does no violence to the “peer review” process. ¶47 I concur.